# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10076

United States Court of Appeals
Fifth Circuit

**FILED**
December 7, 2018

Lyle W. Cayce
Clerk

ALISHIA N. MORRIS,

Plaintiff – Appellant,

v.

CITY OF LUBBOCK; LUBBOCK COUNTY; SHARON'S BAIL BONDS,

Defendants – Appellees.

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CV-275

Before OWEN, WILLETT, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Alishia N. Morris, while detained in the Lubbock County Detention Center, inmate # 111041, filed suit under 42 U.S.C. § 1983 and also a motion seal records from her other lawsuits. The district court denied Morris's motion to seal. The district court also denied Morris leave to proceed in forma pauperis (IFP) on appeal and certified that the appeal was not taken in good faith. The district court determined that to the extent that the denial of the motion to seal was appealable, the appeal was not in good faith for the reasons set forth

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in the order denying the motion to seal. Now, Morris moves for leave to proceed IFP in this appeal thereby challenging the district court's certification that her appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into Morris's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (cleaned up).

Morris's IFP motion neither explains why any public records relating to her lawsuits should be sealed nor offers any nonfrivolous basis for concluding that the district court abused its discretion in declining to seal the records. Accordingly, her motion for leave to proceed IFP on appeal is DENIED, and her appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

As we recognized on September 10, 2018, Morris has accumulated at least three strikes for purposes of 28 U.S.C. § 1915(g). *Morris v. Lubbock County Detention Center*, No. 17-11259, 2018 WL 4339783, at *1 (5th Cir. 2018); *Morris v. Texas Boys Ranch*, No. 18-10120, 2018 WL 4339879, at *1 (5th Cir. 2018); *Morris v. L.C.D.C.*, No. 18-10089, 2018 WL 4352093, at *1 (5th Cir. 2018). We have not applied the § 1915(g) bar here because Morris filed this appeal before the accumulation of three strikes. *See* § 1915(g). But we reiterate that Morris is barred under § 1915(g) from proceeding IFP in any civil action or appeal filed while she is incarcerated or detained in any facility unless she is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS.